# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

HAROLD SHAWGNESSY SIMS
ADC #650028                                                    PLAINTIFF

V.                          3:16CV00016 DPM/JTR

KING, Commissary Manager,
Craighead County Detention Center                     DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.  Introduction

Plaintiff, Harold Shawgnessy Sims, is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction.  In this *pro se* § 1983 action, he alleges that Defendant Commissary Manager King violated his constitutional rights

-1-

while he was  in Craighead County Jail.  Pursuant to the screening function mandated

by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without

prejudice, for failing to state a claim upon which relief may be granted.[1]

## I.  Discussion

Plaintiff alleges that Defendant Commissary Manager King caused him to his

lose his job in the jail kitchen by falsely accusing him of making a lewd gesture. *Doc.*

*1.* Plaintiff also contends that Defendant made an improper "sexual statement to me

about me looking like a slave in a toga."[2] *Id. at 3.*

A § 1983 action must be premised on a violation of a constitutional right. *See*

42 U.S.C. § 1983; *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th

Cir. 2004). Plaintiff did not have a constitutional right to maintain a particular job

within the Craighead County jail.   *Lomholt v.  Holder*, 287 F.3d 683, 684 (8th Cir.

2002).  Similarly, sexual comments and offensive statements made by jail officials,

although reprehensible, do not rise to the level of a constitutional violation in the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Plaintiff, who is Caucasian, does *not* contend that this language was intended to be a racial slur.

absence of physical touching. *See Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993). Thus, Plaintiff has failed to plead a viable § 1983 claim for relief.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      This action be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal constitute a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 4th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE